United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Brittany Odes and Maria C. Silva-Odes, Plaintiffs<br><br>v.<br><br>Christopher Ray Harris, and others, Defendants | )<br>)<br>)<br>)<br>)  Civil Action No. 12-61561-Civ-Scola<br>)<br>)<br>) |

**Order Granting In Part Plaintiffs' Motion For Entry Of
Final Default Judgment Against All Defendants, Setting This Matter For
Trial On The Issue Of Non-liquidated And Punitive Damages, And Setting
David Harris's Motion to Withdraw For Hearing**

The Plaintiffs, Brittany Odes and Maria Silva-Odes, have moved for final default judgment on their claims against the Defendants, Christopher Ray Harris individually and d/b/a Christopher Harris, Esq.; Christopher Harris & Associates, LLC; Christopher R. Harris, P.A.; Christoff Ray Day & Med Spa of Sunny Isles, LLC; Christoff Ray Day & Med Spa of Sunny Isles Beach, LLC; Christoff Ray Day & Med Spa, Inc.; and Christoff Ray Day & Med Spa Bay Harbor, LLC, (the "Defendants"), consistent with Federal Rule of Civil Procedure 55(b).

Previously, the Clerk of the Court entered defaults under Rule 55(a) against each Defendant. (*See* Default as to Christopher Ray Harris, ECF No. 180; Default as to Christoff Ray Day & Med Spa Bay Harbor, LLC, Christoff Ray Day & Med Spa of Sunny Isles Beach, LLC, Christoff Ray Day & Med Spa of Sunny Isles, LLC, Christoff Ray Day & Med Spa, Inc., Christopher Harris & Associates, LLC, and Christopher R. Harris, P.A., ECF No. 160.). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

The Amended Complaint sets forth six claims against Defendants: (1) Common Law Fraud; (2) Theft by Deception; (3) Breach of Contract; (4) Unjust Enrichment; (5) Securities Fraud; and (6) Negligence and Legal Malpractice.

(*See* Am. Compl., ECF No. 153.) Plaintiffs seek to recover the $135,000 they invested, their attorneys' fees, costs, and any other relief the Court deems equitable. (*See id.*) And in at least one Count, Count (2) Theft by Deception, Plaintiffs' specifically seek punitive damages. (*See id.*)

These claims arose from Defendants' solicitation of a $135,000 investment from Plaintiffs who were told that, in return, they would each be given 22.5% of Christoff Ray Sunny Isles Beach, a spa. (*See id.*) In support of their Motion, Plaintiffs each filed an affidavit attesting to the fact that they paid $135,000 to Defendant Harris for their purported investment. (*See* Aff. of Brittany Odes, ECF No. 182-1; Aff. of Maria Silva-Odes, ECF No. 182-2.)

After considering the Plaintiffs' unopposed Motion, the record, and the relevant legal authority, the Court **grants in part** Plaintiffs' Motion for Entry of Final Default Judgment. (ECF No. 182). By their default, Defendants admit the factual allegations of Plaintiffs Amended Complaint. *Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307. They have thus admitted the existence, and breach, of the "Limited Liability Company Operating Agreement for Christoff Ray Day & Med Spa of Sunny Isles Beach," and Plaintiffs' resulting damages. (*See* Am. Compl. at ¶¶ 22, 61–66.) Final default judgment is thus appropriately entered in Plaintiffs' favor against all Defendants jointly and severally, on Plaintiffs' Count (3) Breach of Contract. In light of the Court's entry of final default judgment in Plaintiffs' favor on their breach of contract claim, the Court orders Plaintiffs, by **August 3, 2015**, to show cause why Count (4) Unjust Enrichment should not be dismissed with prejudice. *See White Holding Co., LLC v. Martin Marietta Materials, Inc.*, 423 F. App'x 943, 946 (11th Cir. 2011) ("[T]he equitable remedy of unjust enrichment is not available 'to prove entitlement to relief if an express contract exists.'").

Final default judgment is entered in favor of Plaintiff against all Defendants on the issues of compensatory damages and entitlement to attorneys' fees and costs for the remaining Counts: (1) Common Law Fraud; (2) Theft by Deception; (5) Securities Fraud; and (6) Negligence and Legal Malpractice. The Court reserves ruling on the issue of non-liquidated and punitive damages, and the amount of Plaintiffs' attorneys' fees and costs until after trial on those issues.

The Court **orders** that:

1. Plaintiffs are awarded liquidated damages in the amount of $135,000.00, plus interest at the legal rate of 4.75% pursuant to Florida Statute, Section 55.03, from January 31, 2012, to the date of this Order;

2. By **August 3, 2015**, Plaintiffs shall show cause why their Count (4) Unjust Enrichment claim should not be dismissed;
3. A jury trial is set in this matter on the issue of non-liquidated and punitive damages during the two-week trial period beginning on **September 21, 2015**. Calendar call will be held at 9:00 AM on the preceding Tuesday, **September 15, 2015**, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue, Courtroom 12-3, Miami, Florida.
4. Plaintiffs are awarded their reasonable attorneys' fees and costs in an amount to be determined by the Court following trial;
5. David Harris's Motion to Withdraw is set for hearing on Friday, **July 31, 2015**, at 9:00 AM. The hearing will last for 15 minutes.

**Done and ordered** in chambers, at Miami, Florida, on July 27, 2015.

Robert N. Scola, Jr.
United States District Judge